B 5 (Official Form  5) (12/07)

| UNITED STATES BANKRUPTCY COURT | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>Southern District of New York | **INVOLUNTARY PETITION** | |
| IN RE (Name of Debtor – If Individual: Last, First, Middle)<br><br>SUNTECH POWER HOLDINGS CO., LTD | ALL OTHER NAMES used by debtor in the last 8 years<br>(Include married, maiden, and trade names.) | |
| Last four digits of Social-Security or other Individual's Tax-I.D. No./Complete EIN<br>(If more than one, state all.):<br>CIK #0001342803 | | |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code)<br><br>575 Market Street<br>San Francisco, CA | MAILING ADDRESS OF DEBTOR (If different from street address) | |
| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS<br>San Francisco                          ZIP CODE<br>94105 | ZIP CODE | |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR  (If different from previously listed addresses)
New York and California

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

☑ Chapter 7      ☐ Chapter 11

**INFORMATION REGARDING DEBTOR (Check applicable boxes)**

| **Nature of Debts**<br>(Check **one** box.)<br><br>Petitioners believe:<br><br>☐ Debts are primarily consumer debts<br>☑ Debts are primarily business debts | **Type of Debtor**<br>(Form of Organization)<br><br>☐ Individual (Includes Joint Debtor)<br>☑ Corporation (Includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br><br>_____ | **Nature of Business**<br>(Check **one** box.)<br><br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51)(B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>Semiconductor&Related Devices |

| **VENUE** | **FILING FEE** (Check one box) |
|---|---|
| ☑ Debtor has been domiciled or has had a residence, principal<br>place of business, or principal assets in the District for 180<br>days immediately preceding the date of this petition or for<br>a longer part of such 180 days than in any other District.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general<br>partner or partnership is pending in this District. | ☑ Full Filing Fee attached<br><br>☐ Petitioner is a child support creditor or its representative, and the form<br>specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached.<br>*[If a child support creditor or its representative is a petitioner, and if the<br>petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of<br>1994, no fee is required.]* |

**PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER**
**OR AFFILIATE OF THIS DEBTOR** (Report information for any additional cases on attached sheets.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

| **ALLEGATIONS**<br>(Check applicable boxes) | COURT USE ONLY |
|---|---|
| 1.   ☑ Petitioner (s) are eligible to file this petition pursuant to 11 U.S.C. § 303 (b).<br>2.   ☑ The debtor is a person against whom an order for relief may be entered under title 11 of the United<br>States Code.<br>3.a. ☑ The debtor is generally not paying such debtor's debts as they become due, unless such debts are<br>the subject of a bona fide dispute as to liability or amount;<br>or<br>b.   ☐ Within 120 days preceding the filing of this petition, a custodian, other than a  trustee receiver, or<br>agent appointed or authorized to take charge of less than substantially all of the property of the<br>debtor for the purpose of enforcing a lien against such property, was appointed or took possession. | |

B 5 (Official Form 5) (12/07) – Page 2

Name of Debtor  SUNTECH POWER H[]

Case No. _____

**TRANSFER OF CLAIM**

☑ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| | |
|---|---|
| x TRONDHEIM CAPITAL, LLC  TITLE: GENERAL PARTNER | /s/ Jay Teitelbaum                    10/14/2013 |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                         Date |
| Trondheim Capital Partners, L.P.          10/14/2013 | Teitelbaum & Baskin LLP |
| Name of Petitioner                        Date Signed | Name of Attorney Firm (If any) |
| | 1 Barker Avenue White Plains NY 10601 |
| Name & Mailing          2224 Buckaroo Trail | Address |
| Address of Individual   Gilbert, AZ 85295 | (914) 437-7670 |
| Signing in Representative | Telephone No. |
| Capacity | |

| | |
|---|---|
| x_____ | x /s/ Jay Teitelbaum                    10/14/2013 |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                         Date |
| Michael Meixler                           10/14/2013 | Teitelbaum & Baskin, LLP |
| Name of Petitioner                        Date Signed | Name of Attorney Firm (If any) |
| | 1 Barker Avenue White Plains NY 10601 |
| Name & Mailing          4451 S. White Mountain | Address |
| Address of Individual   Rd #A | (914) 437-7670 |
| Signing in Representative  Show Low AZ 85901 | Telephone No. |
| Capacity | |

| | |
|---|---|
| x_____ | x /s/ Jay Teitelbaum                    10/14/2013 |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                         Date |
| Longball Holdings,LLC                     10/14/2013 | Teitelbaum & Baskin LLP |
| Name of Petitioner                        Date Signed | Name of Attorney Firm (If any) |
| | 1 Barker Avenue White Plains NY 10601 |
| Name & Mailing          107 S. Tower Ave. | Address |
| Address of Individual   Centralia,WA 98531 | (914) 437-7670 |
| Signing in Representative | Telephone No. |
| Capacity | |

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Trondheim Capital Partners,L.P | Federal Court Judgment | 516,277.67 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Michael Meixler | Federal Court Judgment | 51,627.67 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Longball Holdings LLC | Federal Court Judgment | 10,325.34 |
| Note:    If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims | 578,230.68 |

_____ continuation sheets attached

B 5 (Official Form  5) (12/07) – Page 2    Name of Debtor  SUNTECH POWER h̶

Case No._____

| TRANSFER OF CLAIM |
|---|
| ☑ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner.  Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a). |

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.  If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| | |
|---|---|
| x _____<br>Signature of Petitioner or Representative (State title)<br>Trondheim Capital Partners, L.P.          10/14/2013<br>Name of Petitioner                    Date Signed<br><br>Name & Mailing<br>Address of Individual          2224 Buckaroo Trail<br>Signing in Representative     Gilbert, AZ 85295<br>Capacity                      _____ | x  /s/ Jay Teitelbaum                    10/14/2013<br>Signature of Attorney                         Date<br>   Teitelbaum & Baskin LLP<br>Name of Attorney Firm (if any)<br>   1 Barker Avenue White Plains NY 10601<br>Address<br>   (914) 437-7670<br>Telephone No. |
| x  _/s/ _____<br>Signature of Petitioner or Representative (State title)<br>Michael Meixler<br>Name of Petitioner           10/14/2013<br>                              Date Signed<br><br>Name & Mailing<br>Address of Individual          4451 S. White Mountain<br>Signing in Representative     Rd.#A<br>Capacity                      Show Low AZ 85901<br>                              _____ | x  /s/ Jay Teitelbaum                    10/14/2013<br>Signature of Attorney                         Date<br>   Teitelbaum & Baskin, LLP<br>Name of Attorney Firm (If any)<br>   1 Barker Avenue White Plains NY 10601<br>Address<br>   (914) 437-7670<br>Telephone No. |
| x  _____<br>Signature of Petitioner or Representative (State title)<br>Longball Holdings,LLC          10/14/2013<br>Name of Petitioner                    Date Signed<br><br>Name & Mailing<br>Address of Individual          107 S. Tower Ave.<br>Signing in Representative     Centralia,WA 98531<br>Capacity                      _____ | x  /s/ Jay Teitelbaum                    10/14/2013<br>Signature of Attorney                         Date<br>   Teitelbaum & Baskin LLP<br>Name of Attorney Firm (if any)<br>   1 Barker Avenue White Plains NY 10601<br>Address<br>   (914) 437-7670<br>Telephone No. |

| PETITIONING CREDITORS | | |
|---|---|---|
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Trondheim Capital Partners,L.P. | Federal Court Judgment | 516,277.67 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Michael Meixler | Federal Court Judgment | 51,627.67 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Longball Holdings LLC | Federal Court Judgment | 10,325.34 |
| Note:   If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims | 578,230.68 |

____1____  continuation sheets attached

B 5 (Official Form 5) (12/07)– Page 2

Name of Debtor  SUNTECH POWER H

Case No. _____

| TRANSFER OF CLAIM |
|---|

☑ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner.  Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

| REQUEST FOR RELIEF |
|---|

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.  If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| | |
|---|---|
| x _____<br>Signature of Petitioner or Representative (State title)<br>Trondheim Capital Partners, L.P.      10/14/2013<br>Name of Petitioner              Date Signed<br><br>Name & Mailing          2224 Buckaroo Trail<br>Address of Individual     Gilbert, AZ 85295<br>Signing in Representative<br>Capacity | x /s/ Jay Teitelbaum          10/14/2013<br>Signature of Attorney              Date<br>Teitelbaum & Baskin LLP<br>Name of Attorney Firm (If any)<br>1 Barker Avenue White Plains NY 10601<br>Address<br>(914) 437-7670<br>Telephone No. |
| x _____<br>Signature of Petitioner or Representative (State title)<br>Michael Meixler      10/14/2013<br>Name of Petitioner              Date Signed<br><br>Name & Mailing          4451 S. White Mountain<br>Address of Individual     Rd #A<br>Signing in Representative   Show Low AZ 85901<br>Capacity | x /s/ Jay Teitelbaum          10/14/2013<br>Signature of Attorney              Date<br>Teitelbaum & Baskin, LLP<br>Name of Attorney Firm (If any)<br>1 Barker Avenue White Plains NY 10601<br>Address<br>(914) 437-7670<br>Telephone No. |
| x _____<br>Signature of Petitioner or Representative (State title)<br>Longball Holdings,LLC      10/14/2013<br>Name of Petitioner              Date Signed<br><br>Name & Mailing          107 S. Tower Ave.<br>Address of Individual     Centralia,WA 98531<br>Signing in Representative<br>Capacity | x /s/ Jay Teitelbaum          10/14/2013<br>Signature of Attorney              Date<br>Teitelbaum & Baskin LLP<br>Name of Attorney Firm (If any)<br>1 Barker Avenue White Plains NY 10601<br>Address<br>(914) 437-7670<br>Telephone No. |

| PETITIONING CREDITORS | | |
|---|---|---|
| Name and Address of Petitioner<br>Trondheim Capital Partners,L.P | Nature of Claim<br>Federal Court Judgment | Amount of Claim<br>516,277.67 |
| Name and Address of Petitioner<br>Michael Meixler | Nature of Claim<br>Federal Court Judgment | Amount of Claim<br>51,627.67 |
| Name and Address of Petitioner<br>Longball Holdings LLC | Nature of Claim<br>Federal Court Judgment | Amount of Claim<br>10,325.34 |
| Note:   If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | | Total Amount of Petitioners' Claims<br>578,230.68 |

1  continuation sheets attached

B 5 (Official Form 5) (12/07) – Page 2

Name of Debtor __SUNTECH POWER H__

Case No. _____

| TRANSFER OF CLAIM |
|---|
| ☑ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a). |

| REQUEST FOR RELIEF |
|---|
| Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached. |

Petitioner(s) declare under penalty of perjury that the foregoing is true and
correct according to the best of their knowledge, information, and belief.

x _COLIN PETERSON_
         MEMBER

Signature of Petitioner or Representative (State title)
Jiangsu Liquidators, LLC                              10/14/2013

| Name of Petitioner | Date Signed |
|---|---|

Name & Mailing                    2224 Buckaroo Trail
Address of Individual             Gilbert, AZ 85295
Signing in Representative
Capacity

x _/s/ Jay Teitelbaum_                          10/14/2013

Signature of Attorney                                Date
Teitelbaum & Baskin LLP

Name of Attorney Firm (If any)
1 Barker Avenue White Plains NY 10601

Address
(914) 437-7670

Telephone No.

x _____
Signature of Petitioner or Representative (State title)

| Name of Petitioner | Date Signed |
|---|---|

Name & Mailing
Address of Individual
Signing in Representative
Capacity

x _____
Signature of Attorney                                Date

Name of Attorney Firm (If any)

Address

Telephone No.

x _____
Signature of Petitioner or Representative (State title)

| Name of Petitioner | Date Signed |
|---|---|

Name & Mailing
Address of Individual
Signing in Representative
Capacity

x _____
Signature of Attorney                                Date

Name of Attorney Firm (If any)

Address

Telephone No.

| PETITIONING CREDITORS | | |
|---|---|---|
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Jiangsu Liquidators, LLC | Matured Note/Indenture | 1,000,000.00 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Note:    If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | | Total Amount of Petitioners' Claims          1,000,000.00 |

__1__  continuation sheets attached

## EXHIBIT A

### Summons In Involuntary Chapter 7 Case Against Suntech Power Holdings, Co., Ltd.

# United States Bankruptcy Court

**SOUTHERN** _____    District of __NEW YORK_____

**In re**

SUNTECH POWER HODLINGS CO., LTD          Bankruptcy Case No.

**Debtor.**
Social Security No.:
Employer Tax I.D. No.:

## SUMMONS TO DEBTOR IN INVOLUNTARY CASE

**To the above named Debtor:**

A petition under title 11, United States Code was filed against you on __October___,2014___ in this

Bankruptcy Court, requesting an order for relief under Chapter _____7_____ of the Bankruptcy Code (title 11 of

the United States Code.)

YOU ARE SUMMONED and required to submit to the Clerk of the Bankruptcy Court, a motion or answer

(attorneys should file online) to the petition within 21 days after the service of this summons.  A copy of the petition is

attached.

Address of the Clerk:   United States Bankruptcy Court
                        One Bowling Green
                        New York, New York 10004
                        www.nysb.uscourts.gov

At the same time, you must also serve a copy of the motion or answer upon the petitioner's attorney.

> Name and Address of Petitioner's Attorney
> Teitelbaum & Baskin, LLP
> 1 Barker Avenue
> White Plains, New York 10601
> Attention: Jay Teitelbaum
> jteitelbaum@tblawllp.com
> Tel. (914) 437-7670

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 1011 (c) .  If you fail to

respond to this Summons, an order for relief will be entered.

_____
                                    _Clerk of the Bankruptcy Court_

_____    By: _____
                _Date_                                          _Deputy Clerk_

_____

*Set forth all names, including trade names, used by the debtor within the last 8 years.  (Federal Rule of Bankruptcy
Procedure 1005).  For joint debtors, set forth both social security numbers.

## EXHIBIT B

### Judgment In Favor of Trondheim Capital Partners, L.P. and Michael Meixler Against Suntech Power Holdings, Co., Ltd.

*PATTERSON, J.*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

TRONDHEIM CAPITAL PARTNERS, L.P. and
MICHAEL MEIXLER,

              Plaintiffs,

      v.

SUNTECH POWER HOLDINGS CO., LTD.

              Defendant.

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____     │
│ DATE FILED: 9/20/13         │
└─────────────────────────────┘
```

Case No. 13-CV-4668 (RPP)(DF)

## FINAL JUDGMENT

This action having been commenced in the Supreme Court of the State of New York, County of New York by Plaintiffs Trondheim Capital Partners, L.P. ("**Trondheim**") and Michael Meixler ("**Meixler**" and together with Trondheim, "**Plaintiffs**"), against defendant Suntech Power Holdings Co., Ltd. ("**Suntech**" or "**Defendant**") by the filing of a Motion for Summary Judgment in Lieu of Complaint pursuant to Section 3213 of the New York Civil Practice Law and Rules (the "**Motion**"), and the Motion having been served on Defendant's authorized legal agent on or about June 12, 2013, and Defendant having removed this case to the United States District Court for the Southern District of New York on or about July 8, 2013 (ECF Docket No. 1), and this case having thereafter been assigned to the Honorable Robert P. Patterson, Jr., and Defendants having filed opposition to Plaintiffs' Motion on August 1, 2013 (ECF Docket Nos. 8-11) , and Plaintiffs having filed a reply to said opposition on August 15, 2013 (ECF Docket No. 12), and Plaintiffs having filed a supplement to said reply on August 28, 2013 (ECF Docket No. 14), and both parties having submitted letters to the Court that were

See attached typewritten insert

subsequently filed on ECF on September 3, 2013 (ECF Docket Nos. 15 and 16), and this matter

having come before the Court for oral argument on September 12, 2013, and argument having

been held on that date, and the Court, after reviewing all of the parties' submissions and hearing

oral argument, having determined that Plaintiffs are entitled to summary judgment, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. Final judgment is entered in favor of Plaintiff Trondheim and against Defendant Suntech
   in the amount of $500,000.00, plus (i) accrued and unpaid interest at the rate of 3% as of
   March 15, 2013, in the amount of $7,500.00; (ii) accrued and accruing interest from
   March 16, 2013 through and after June 14, 2013 at the rate of 3.25% in the amount of
   $4,062.50; (iii) accrued and accruing interest from June 15, 2013 at the rate of 3.50% per
   annum and the per diem amount of $48.61 until entry of judgment; (iv) interest at the rate
   of 2% per annum on all unpaid interest until the entry of judgment; and (vi) post-
   judgment interest at the federal judgment rate from and after entry of final judgment.

2. Final judgment is entered in favor of Plaintiff Meixler and against Defendant Suntech in
   the amount of $50,000.00, plus (i) accrued and unpaid interest at the rate of 3% as of
   March 15, 2013, in the amount of $750.00; (ii) accrued and accruing interest from March
   16, 2013 through and after June 14, 2013 at the rate of 3.25% in the amount of $46.25;
   (iii) accrued and accruing interest from June 15, 2013 at the rate of 3.50% per annum and
   the per diem amount of $4.86 until entry of judgment; (iv) interest at the rate of 2% per
   annum on all unpaid interest until the entry of judgment; and (vi) post-judgment interest
   at the federal judgment rate from and after entry of final judgment.

3. ~~All of Suntech's defenses with respect to both Plaintiffs are rejected.~~  ~~DRc~~

4. The Clerk of the Court is directed to enter judgment forthwith.


Dated: September 19, 2013

Hon. Robert P. Patterson, Jr.
United States District Judge


**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** _____

**Case:**      Trondheim Capital Partners, L.P., et al v. Suntech Power
               Holdings Co., Ltd.
**Index No.**   13 Civ. 4668 (RPP)


**INSERT READS AS FOLLOWS:**

**...Defendant has failed to show that a genuine dispute exists as to any
material fact of the Plaintiffs' Motion for Summary Judgment in lieu of
Complaint and that...**

*Robert P. Patterson, Jr., U.S.D.J., 9/19/13*

**Exhibit C**

**Judgment In Favor of Marcus and Jessica Dugaw Against Suntech Power Holdings, Co., Ltd.**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

MARCUS AND JESSICA DUGAW, HUSBAND AND
WIFE, AND THE MARITAL COMMUNITY
COMPOSED THEREOF,

        Plaintiffs,

        v.

SUNTECH POWER HOLDINGS CO., LTD.

        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/13
```

Case No. 13-CV-5608 (RPP)(DF)

## FINAL JUDGMENT

This action having been commenced in the Supreme Court of the State of New York, County of New York by Plaintiffs Marcus and Jessica Dugaw, Husband and Wife, and the Marital Community Composed Thereof ("**Plaintiffs**"), against defendant Suntech Power Holdings Co., Ltd. ("**Suntech**" or "**Defendant**") by the filing of a Motion for Summary Judgment in Lieu of Complaint pursuant to Section 3213 of the New York Civil Practice Law and Rules (the "**Motion**"), and the Motion having been served on Defendant's authorized legal agent on or about July 19, 2013, and Defendant having removed this case to the United States District Court for the Southern District of New York on or about August 12, 2013 (ECF Docket No. 1), and this case having thereafter been assigned to the Honorable Robert P. Patterson, Jr., and Defendants having filed opposition to Plaintiffs' Motion on August 19, 2013 (ECF Docket Nos. 4-6) , and Plaintiffs having filed a reply to said opposition on September 3, 2013 (ECF Docket No. 12), and this matter having come before the Court for oral argument on September 12, 2013, and argument having been held on that date, and the Court, after reviewing all of the

See attached typewritten insert

parties' submissions and hearing oral argument, having determined that Plaintiffs are entitled to
summary judgment, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. Final judgment is entered in favor of Plaintiffs and against Defendant Suntech in the
   amount of $10,000.00, plus (i) accrued and unpaid interest at the rate of 3% as of March
   15, 2013, in the amount of $150.00; (ii) accrued and accruing interest from March 16,
   2013 through and after June 14, 2013 at the rate of 3.25% in the amount of $81.25; (iii)
   accrued and accruing interest from June 15, 2013 at the rate of 3.50% per annum and the
   per diem amount of $.97 until entry of judgment; (iv) interest at the rate of 2% per annum
   on all unpaid interest until the entry of judgment; and (vi) post-judgment interest at the
   federal judgment rate from and after entry of final judgment.

2. ~~All of Suntech's defenses with respect the Plaintiffs are rejected.~~ KPP

3. The Clerk of the Court is directed to enter judgment forthwith.

Dated: September 19, 2013

Hon. Robert P. Patterson, Jr.
United States District Judge

Case:      **Marcus and Jessica Dugaw, et al. v Suntech Power Holdings**
Index No.   **13 Civ. 5608 (RPP)**

**INSERT READS AS FOLLOWS:**

**..that Defendant has failed to show that a genuine dispute as to any material facts exists and...**

*Robert P. Patterson, Jr., U.S.D.J., 9/19/13*

## Exhibit D

### Assignment of Judgment In Favor of Marcus and Jessica Dugaw Against Suntech Power Holdings, Co., Ltd. to Longball Holdings, LLC

## ASSIGNMENT

**IN CONSIDERATION OF** the receipt of $1,500.00 in immediately available funds, and other good and valuable consideration, receipt of which hereby is acknowledged, Marcus and Jessica Dugaw ("Assignors") hereby sell, assign, convey, transfer, set over and deliver to Longball Holdings, LLC ("Assignee") and its successors and assigns, finally and without reversion, all of Assignor's right, title and interest in and to:

> That certain judgment dated September 19, 2013, entered in the case *Marcus and Jessica Dugaw, Husband and Wife, and the Marital Community Composed Thereof (S.D.N.Y. 1:13-cv-05608 (RPP))* on September 24, 2013 in the sum amount, including taxed costs, of $10,738.62 (the "Judgment"), together with all right title and interest in the obligations upon which the judgment was entered, as evidenced by the that certain indenture dated March 17, 2008, by Suntech Power Holdings Co., Ltd. (the "Indenture")

together with all rights, powers, obligations and remedies of Assignor under any of the Judgment and the Indenture and applicable law (including without limitation all rights to payments, all liens, security interests and other encumbrances against any collateral, and all rights or claims Assignor may have against Sun Tech or any other person or entity in connection with the Judgment and Indenture or the transactions arising therefrom) (collectively, the "Assigned Assets"), hereby granting full power to the Assignee to take all actions and conduct all legal or other proceedings which the undersigned could have taken or conducted but for this Assignment.   **THIS ASSIGNMENT IS EXPRESSLY WITHOUT ANY RECOURSE WHATSOEVER AGAINST, OR REPRESENTATION OR WARRANTY BY, ASSIGNOR BY OR TO ASSIGNEE,** except that Assignor hereby represents and warrants that it presently owns, and has not pledged, transferred or assigned the Assigned Assets and has duly authorized the execution, delivery of this Assignment and the consummation of the transactions herein contemplated. Without limiting the generality of the foregoing, Assignee acknowledges that it acquires the Assigned Assets "where is" and "as is" and that Assignor does not represent or warrant or assume any liability or responsibility for the execution, validity, legality, enforceability, perfection of any lien or security interest, genuineness, sufficiency or value of any Assigned Asset.

Assignor further agrees that promptly upon the request of Assignee (but at Assignee's expense) it shall execute and deliver such additional and further instruments, agreements and documents, and do or cause to be done such other acts and things, as may reasonably be required in order to further evidence, confirm or perfect the assignment herein effected.

Assignee hereby agrees that, in the event Assignor is required, in any bankruptcy proceeding or any other similar proceeding or otherwise under applicable law, to rescind or return any payment obtained or received by it in connection with the Assigned Assets prior to the date hereof, it will, within five (5) business days after receipt of a written request therefor from Assignor, pay to Assignor as additional consideration for the assignment of the Assigned Assets herein effected (in immediately available funds and without deduction, setoff or counterclaim) the amount of the payment so rescinded or returned. Assignor's statement in such written request of the amount of the payment so rescinded or returned shall be conclusive absent manifest error. Assignee also hereby agrees to indemnify Assignor and its parent, affiliated and/or subsidiary companies, and any of the present and former officers, directors, employees, representatives, agents, and attorneys from, hold each of them harmless against, and promptly upon demand pay or reimburse each of them with respect to any and all actions, suits, proceedings (including any investigations, litigation or inquiries), claims, demands, causes of action, costs, losses, liabilities, damages or expenses of any kind or nature whatsoever which may be incurred by or asserted against or involve any of them (whether or not any of them is designated a party thereto) as an actual result of, arising out of or in any way related to any action taken or omitted to be taken by the Assignee in any way related to the Assigned Assets after the date hereof. The indemnification provided herein shall include all out-of-pocket costs and expenses (including, without limitation, reasonable attorneys' fees and expenses) incurred by Assignor in connection with any of the foregoing matters subject of this indemnification.

This Assignment may be executed in any number of counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. **THIS ASSIGNMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK.**

**ASSIGNOR AND ASSIGNEE EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS AGREEMENT, THE ASSIGNED ASSETS, ANY RELATED DOCUMENTS AND AGREEMENTS OR ANY COURSE OF CONDUCT, COURSE OF DEALING, OR STATEMENTS (WHETHER ORAL OR WRITTEN).**

**IN WITNESS WHEREOF,** Assignor and Assignee have each caused this Agreement to be executed and delivered by their duly authorized officers or other representatives as of the ___13th___ day of October, 2013.

By: _____
Name: Marcus Dugaw
    *Assignor*

By: _____
Name: Jessica Dugaw
    *Assignor*

By: _____
Name: Longball Holdings, LLC – Paul
    Dugaw, Managing Member
    *Assignee*

## Exhibit E

## Cede &Co.  Recognition of Claim of A&T SPV, LLC Against Suntech Power Holdings, Co., Ltd

Cede & Co.
c/o The Depository Trust Company
55 Water Street
New York NY 10041

October 7, 2013

Suntech Power Holdings Co., Ltd.
575 Market
San Francisco, CA 94105
Attn: Clare Badaracco, Assistant General Counsel·

Re: 3% Convertible Senior Notes Issued by Suntech Power Holdings Co., Ltd.;
CUSIP No. 86800CAE4 (the "Notes")

Cede & Co., the nominee of The Depository Trust Company ("DTC"), is a holder
of record of notes of Suntech Power Holdings Co., Ltd. DTC is informed by its
Participant, National Financial Services LLC ("Participant"), that an aggregate of
1,000,000 Principal Amount (the "Notes") are beneficially owned by A&T SPV
LLC, customer(s) of Participant.

An Event of Default under Section 6.01 of the Indenture has occurred.

In accordance with instructions received from Participant on behalf of its
customer we hereby recognize A&T SPV LLC as the holder of the Notes under
the Indenture and authorize A&T SPV LLC to prosecute the action pursuant
Section 6.01 of the Indenture and declare the entire principal, the premium, if any
and the accrued interest on the Bonds to be due and payable immediately to A&T
SPV LLC.

Future correspondence on this matter should be directed to the shareholders, A&T
SPV LLC Attn: Bruce Winson, 5950 Berkshire Lane Suite 210, Dallas TX 75225-
5810 with copies directed to the attention of Shruti Juneja, National Financial
Services LLC, Newport Office Center III, 499 Washington Boulevard, 5th Floor,
Jersey City, NJ 07310.

Very Truly Yours,
Cede & Co.

By: _____

*Robert Hensey, partner*



## Exhibit F

## Assignment of Claim of A&T SPV, LLC Against Suntech Power Holdings, Co., Ltd to Jiangsu Liquidators, LLC.

## ASSIGNMENT

IN CONSIDERATION OF the receipt of $1.00 and other good and valuable consideration, receipt of which hereby is acknowledged, A&T SPV LLC. ("**Assignor**") hereby sells, assigns, conveys, transfers, sets over and delivers to Jiangsu Liquidators, LLC. ("**Assignee**") and its successors and assigns, finally and without reversion, all of Assignor's right, title and interest in and to $1 million face amount of 3.00% Convertible Senior Notes Due 2013 (the "**Securities**") issued by Suntech Power Holdings Co., Ltd. ("**Suntech Power**" or the "**Company**"), pursuant to a New York law governed Indenture, dated as of March 17, 2008 (the "**Indenture**"), between Suntech Power and Wilmington Trust Company, which serves as the indenture trustee for the Securities, together with all rights, powers, obligations and remedies of Assignor under any of the Securities and the Indenture and applicable law (including without limitation all rights to payments, all liens, security interests and other encumbrances against any collateral, and all rights or claims Assignor may have against the Company or any other person or entity in connection with the Securities and Indenture or the transactions arising therefrom) (collectively, the Assigned Assets"), hereby granting full power to the Assignee to take all actions and conduct all legal or other proceedings which the undersigned could have taken or conducted but for this Assignment.

THIS ASSIGNMENT IS EXPRESSLY WITHOUT ANY RECOURSE WHATSOEVER AGAINST, OR REPRESENTATION OR WARRANTY BY, ASSIGNOR BY OR TO ASSIGNEE, except that Assignor hereby represents and warrants that it presently owns, and has not pledged, transferred or assigned the Assigned Assets and has duly authorized the execution, delivery of this Assignment and the consummation of the transactions herein contemplated. Without limiting the generality of the foregoing, Assignee acknowledges that it acquires the Assigned Assets "where is" and "as is" and that Assignor does not represent or warrant or assume any liability or responsibility for the execution, validity, legality, enforceability, perfection of any lien or security interest, genuineness, sufficiency or value of any Assigned Asset.

Assignor further agrees that promptly upon the request of Assignee (but at Assignee's expense) it shall execute and deliver such additional and further instruments, agreements and documents, and do or cause to be done such other acts and things, as may reasonably be required in order to further evidence, confirm or perfect the assignment herein effected.

This Assignment may be executed in any number of counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. THIS ASSIGNMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK.

ASSIGNOR AND ASSIGNEE EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF,

UNDER, OR IN CONNECTION WITH THIS AGREEMENT, THE ASSIGNED ASSETS, ANY RELATED DOCUMENTS AND AGREEMENTS OR ANY COURSE OF CONDUCT, COURSE OF DEALING, OR STATEMENTS (WHETHER ORAL OR WRITTEN).

IN WITNESS WHEREOF, Assignor and Assignee have each caused this Agreement to be executed and delivered by their duly authorized officers or other representatives as of the 14ᵗʰ day of October, 2013.

ASSIGNOR
A&T SPV LLC.

By: _____
Name: _____
Title: _____

ASSIGNEE

JIANGSU LIQUIDATORS, LLC

By: _____
Name: COLIN PETERSON
Title: MEMBER

UNDER, OR IN CONNECTION WITH THIS AGREEMENT, THE ASSIGNED ASSETS, ANY RELATED DOCUMENTS AND AGREEMENTS OR ANY COURSE OF CONDUCT, COURSE OF DEALING, OR STATEMENTS (WHETHER ORAL OR WRITTEN).

IN WITNESS WHEREOF, Assignor and Assignee have each caused this Agreement to be executed and delivered by their duly authorized officers or other representatives as of the 14th day of October, 2013.

ASSIGNOR
A&T SPV LLC.

By: _____
Name: Bruce Winson
Title: Managing Member of General Partner, Frigate Ventures, LP, Manage

ASSIGNEE

JIANGSU LIQUIDATORS, LLC

By: _____
Name: _____
Title: _____