**HEARING DATE AND TIME: December 12, 2013 at 10:00 a.m. (prevailing Eastern Time)**
**OBJECTION DEADLINE: November 20, 2013 at 5:00 p.m. (prevailing Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ X

In re:

SUNTECH POWER HOLDINGS CO., LTD.

        Alleged Debtor.

------------------------------------------------------------------ X

:  Chapter 7
:
:  Case No. 13-13350 (SMB)
:
:
:
:

**SUNTECH POWER HOLDINGS CO., LTD.'S MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO DISMISS THE INVOLUNTARY CHAPTER 7 PETITION**

O'MELVENY & MYERS LLP
Peter Friedman, Esq. (*pro hac vice* pending)
Diana Perez, Esq.
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pfriedman@omm.com
dperez@omm.com

- and -

Suzzanne Uhland, Esq. (*pro hac vice* pending)
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
suhland@omm.com

*Attorneys for Suntech Power Holdings Co., Ltd.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES…………………………………………………………....…ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 3

   A.  The Alleged Debtor........................................................................................................ 3

   B.  The Petitioners .............................................................................................................. 4

   C.  Commencement of the Case ......................................................................................... 5

ARGUMENT .............................................................................................................................. 6

   POINT 1   Petitioners Fail to Satisfy the Requirements of Section 303(b) of the Bankruptcy
Code………………………………………………………………………………….…6

   POINT 2   The Southern District of New York is an Improper Venue for This Proceeding...8

   POINT 3   The Petition is Contrary to the Interests of Suntech and its Creditors................. 10

RESERVATION OF RIGHTS ................................................................................................. 12

CONCLUSION......................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Aigner v. McMillan*, No. 11-47029-DML-7, 2013 WL 2445042 (Bankr. N.D. Tex. June 4, 2013) ................................................................................................................................ 8

*Blagg v. Miller (In re Blagg)*, 223 B.R. 795 (B.A.P. 10th Cir. 1998) ........................................... 9

*In re Bank of America, N.A.*, No. 11–24503, 2011 WL 2493056 (Bankr. D. Colo. June 21, 2011) ................................................................................................................................ 6

*In re Bd. of Dirs. of Multicanal S.A.*, 314 B.R. 486 (Bankr. S.D.N.Y. 2004) ............................. 10

*In re Global Waste Co.,* 207 B.R. 542 (Bankr. N.D. Ohio 1997).................................................. 7

*In re Iowa Coal Mining Co., Inc.*, 242 B.R. 661 (Bankr. S.D. Iowa 1999)................................ 6, 7

*In re Johnston Hawks, Ltd.*, 49 B.R. 823 (Bankr. D. Haw. 1985)............................................. 7, 8

*In re Miller,* 418 B.R. 912 (Bankr. N.D. Tex. 2009) ..................................................................... 8

*In re Oberle,* No. 06-41515, 2006 WL 3949174 (Bankr. N.D. Cal. Dec. 21, 2006)................. 7, 8

*In re Pacific Rollforming, LLC*, 415 B.R. 750 (Bankr. N.D. Cal. 2009)....................................... 8

*In re Scarfia*, No. 12-06346 (ESL), 2012 WL 6005719 (Bankr. D.P.R. Nov. 30, 2012).............. 9

*In re Skyworks Ventures, Inc.*, 431 B.R. 573 (Bankr. D.N.J. 2010) ........................................... 13

## STATUTES

11 U.S.C. § 303(b)(1) ................................................................................................................... 6

11 U.S.C. § 303(i).......................................................................................................................... 12

11 U.S.C. § 305(a)(1)..................................................................................................................... 10

28 U.S.C. § 1406(a) ...................................................................................................................... 9

28 U.S.C. § 1408............................................................................................................................ 9

## RULES

Fed. R. Bankr. P. 1003(a) ............................................................................................................. 6

Suntech Power Holdings Co., Ltd. ("**Suntech**"), the alleged debtor in the above-captioned involuntary proceeding respectfully submits this memorandum of law in support of its motion to dismiss with prejudice the involuntary chapter 7 petition filed by Trondheim Capital Partners, L.P. ("**Trondheim**"), Michael Meixler ("**Meixler**"), Longball Holdings, LLC ("**Longball**"), and Jiangsu Liquidators, LLC ("**Jiangsu**" and, together with Trondheim, Meixler, and Longball, the "**Petitioners**").

## PRELIMINARY STATEMENT

Petitioners are a tiny minority of Suntech's creditors: together, they hold only .27% of the principal amount of Suntech's outstanding debt. As described below, Petitioners acquired these miniscule claims for the sole purpose of commencing this case against Suntech, which is unlawful. Left unchecked, Petitioners' wrongful conduct may have severe repercussions, as it could derail the substantial progress Suntech has made in reaching a consensual restructuring with a wide array of its stakeholders, including a substantial percentage of its funded debt creditors.

Even a cursory review of the petition reveals its patent defects. Most fundamentally, each of the Petitioners ignored its obligation under Bankruptcy Rule 1003(a) to attach to the petition a statement that its claim was not acquired for the purpose of commencing this case. This deliberate omission in and of itself is cause for dismissal of the petition, because none of the Petitioners have demonstrated that they are eligible petitioners. Moreover, even if Petitioners had filed the required statements, this Court should (and could easily) conclude that, at a minimum two of the four petitioners acquired their claims for the purpose of commencing an involuntary bankruptcy. As the documentation establishes, two of the four Petitioners acquired their claims *the day before and the day of* the bankruptcy. The only plausible inference that can be drawn is that these claims were acquired for the sole purpose of commencing an involuntary

case against Suntech. This behavior is indicative of Petitioners' bad faith and should disqualify Jiangsu and Longball[1] as petitioners leaving, at most, two potentially eligible petitioners—not the three needed to commence a case under section 303(b) of the Bankruptcy Code. And, should this Court deny this motion, Suntech intends to challenge the *bona fides* of the other two petitioning creditors, who also failed to file statements under Bankruptcy Rule 1003(a).

Even if Petitioners were eligible to commence a chapter 7 proceeding against Suntech, the petition should be dismissed because venue is improper in this jurisdiction under 28 U.S.C. § 1408. Suntech neither resides nor is domiciled in New York, and does not have its "principal place of business in the United States" or "principal assets in the United States" in New York. As a result, the petition should be dismissed under Federal Rule of Civil Procedure 12(b)(3).

Finally, to the extent that it becomes necessary, Suntech will demonstrate that the petition should be dismissed under section 305 of the Bankruptcy Code because it is not in the interests of Suntech and its creditors. As Suntech will prove, dismissal under section 305(a)(1) is particularly appropriate here given (a) Suntech's foreign insolvency proceedings, (b) the substantial progress Suntech has made in restructuring negotiations with the overwhelming majority of its financial creditors (who oppose the petition), and (c) Petitioners' minuscule holdings of Suntech's debt.

---

[1] As explained below, these two petitioning creditors were assigned their claims the day before and the day of the chapter 7 petition.

2

## STATEMENT OF FACTS

**A.    The Alleged Debtor**

Suntech is the ultimate parent of a group of companies that together constitute one of the world's largest solar manufacturing companies. Suntech's indirect subsidiaries have offices around the world, including in the United States. *See* Declaration of Kim Liou in Support of Suntech Holdings Co., Ltd.'s Motion to Dismiss the Involuntary Chapter 7 Petition, dated November 5, 2013 at ¶ 4 (the "***Liou Declaration***"). Suntech has no operations or significant assets in the Southern District of New York. *Id.* at ¶ 5.

Suntech has outstanding $541 million of 3.00% convertible senior notes issued by Suntech pursuant to the terms of that certain indenture dated March 17, 2008 (the "***Notes***" and, the holders thereof, the "***Noteholders***"). *See* Second Affidavit of Christopher Michael Nacson at ¶ 7 (the "***Nacson Affidavit***")[2], attached as Exhibit B to the Liou Declaration. The Notes matured on March, 15, 2013. *Id.* Petitioners hold approximately one third of one percent of the Notes. *Id.* at ¶ 9.

Suntech is also a borrower under a $50 million convertible loan pursuant to a loan agreement dated June 30, 2009, with International Finance Corporation ("***IFC***") as lender. *See* Nacson Affidavit at ¶ 8. Interest is 5% per annum and the loan fully matures on or about July 10, 2016.

Over the past 12 months, Suntech has been in negotiations with other Noteholders that are now or have been part of a group whose holdings have ranged from more than 50% to 63% of the face amount of the Notes (the "***Noteholder Group***"), which resulted in the entry of a number of forbearance agreements. *See* Nacson Affidavit at ¶¶ 11-14. On September 23, 2013,

---

[2] The Nacson Affidavit was filed in connection with the Winding Up Petition that was filed in the Grand Court of the Cayman Islands, Financial Services Division with respect to Suntech.

Clearwater Capital LLC and Spinnaker Capital Limited (each acting for Noteholders that hold in the aggregate more than 48% of the Notes) entered into a restructuring framework agreement with Suntech (the "**RFA**"), which includes key terms for a proposed restructuring and outlines a deal that includes a debt for equity swap for the Noteholders. *Id.* at ¶ 13. On October 24, 2013, Suntech received a non-binding letter of intent from Wuxi Guolian Development (Group) Co., Ltd. ("**Guolian**"), an investment company affiliated with the municipality Wuxi, People's Republic of China, the city that is the home of substantial operations of one of Suntech's major Chinese subsidiaries. *Id.* at ¶ 16. Guolian has expressed its intention to make an equity investment into Suntech of not less than $150 million in cash, together with causing certain solar and other related businesses it owns to be transferred into Suntech for the purpose of achieving a restructuring. *Id.*

**B.    The Petitioners**

Petitioners Trondheim and Meixler's claims arise from Notes they allegedly acquired in the aggregate principal amount of $550,000. Together they jointly filed a lawsuit against Suntech on June 10, 2013, in the Supreme Court of New York, which was subsequently removed to the District Court for the Southern District of New York (the "**District Court**"), for the recovery of amounts owed to them under the Notes. On September 19, 2013, the District Court entered an order awarding Trondheim and Meixler $550,000 plus interest. On October 21, 2013, Suntech appealed the District Court's judgment to the United States Court of Appeals for the Second Circuit. *See Trondheim Capital Partners v. Suntech Power Holdings Co., Ltd.*, Case No. 13-3987 (2d Cir. 2013).

Petitioner Longball acquired its claim the day before the commencement of this case via assignment of a September 20, 2013 judgment order against Suntech awarding Marcus

and Jessica Dugaw $10,000 plus interest on account of amounts owed to them under the Notes

(the "***Dugaw Claim***"). The Dugaw Claim was transferred to Longball on October 13, 2013, in

exchange for $1,500. On October 21, 2013, Suntech appealed the Dugaw judgment to the United

States Court of Appeals for the Second Circuit. *See Dugaw v. Suntech Power Holdings Co., Ltd.*,

Case No. 13-4139 (2d Cir. 2013).

Petitioner Jiangsu acquired its claim the day of the commencement of this case

via assignment of A&T SOV LLC's alleged right, title, and interest in and to its share of the

Notes with a face value of $1,000,000 (the "***A&T Claim***"). The A&T Claim was transferred to

Jiangsu on October 14, 2013, in exchange for $1.00.

C.       **Commencement of the Case**

On October 14, 2013, Petitioners, through their shared counsel, commenced this

involuntary proceeding against Suntech under chapter 7 of the Bankruptcy Code by filing with

this Court Official Form 5 for an Involuntary Petition. *See* ECF No. 1. Each of the signature

pages to the petition acknowledge that there has been a transfer of claims against Suntech. *Id.*

Petitioners attached the following documents to the petition: (1) an undated summons; (2) the

judgment order in favor of Trondheim and Meixler against Suntech; (3) the judgment order in

favor of Marcus and Jessica Dugaw against Suntech; (4) an assignment of the Dugaw Claim to

Longball dated October 13, 2013; (5) a letter from Cede & Co. to Suntech dated October 7,

2013, recognizing A&T SOV LLC as the beneficial owner of Notes in the principal aggregate

amount of $1,000,000; and (6) an assignment of the A&T Claim to Jiangsu dated October 14,

2013. *Id.* Neither Jiangsu nor Longball filed statements confirming that their claims—acquired

the day of, and day before the filing, respectively—were not transferred to them for the purpose

5

of commencing this case. Neither of the other two petitioning creditors filed similar statements either, although the timing of when and how they acquired their Notes is unclear.

## ARGUMENT

### POINT 1

### PETITIONERS FAIL TO SATISFY THE REQUIREMENTS OF SECTION 303(b) OF THE BANKRUPTCY CODE

Under section 303(b)(1) of the Bankruptcy Code three or more creditors are required to file an involuntary petition against an alleged debtor which, like Suntech, has at least twelve creditors. *See* 11 U.S.C. § 303(b)(1). "The purpose of requiring at least three creditors to launch an involuntary case . . . is to necessitate some joint effort between the creditors." *In re Iowa Coal Mining Co., Inc.*, 242 B.R. 661, 670 (Bankr. S.D. Iowa 1999). Because the filing of an involuntary petition is an extreme remedy with serious consequences to the alleged debtor, bankruptcy courts should carefully scrutinize the filing of an involuntary petition. *See In re Bank of America, N.A.*, No. 11–24503, 2011 WL 2493056, at *3 (Bankr. D. Colo. June 21, 2011) (citation omitted).

In the event that a petitioner is a transferee of a claim used to file an involuntary petition, the petitioner must not have acquired its claim for the purpose of commencing an involuntary bankruptcy case. Fed. R. Bankr. P. 1003(a). Such behavior mandates the disqualification of the petitioner. *Id.* Accordingly, the Bankruptcy Rules require that any transferees of a claim must attach to the petition "all documents evidencing the transfer . . . and a signed statement that the claim was not transferred for the purpose of commencing the case." *Id.* These requirements exist because the "drafters of the Bankruptcy Code were aware of the possible abuses of transferred claims for the purpose of instituting involuntary petitions." *In re*

*Johnston Hawks, Ltd.*, 49 B.R. 823, 831 (Bankr. D. Haw. 1985). "A claim of a transferee is therefore subject to close scrutiny for potential abuse." *Id.*

As an initial matter, Longball and Jiangsu unquestionably acquired their alleged claims via assignment, however neither one filed an accompanying statement that the transfers were not for the purpose of commencing an involuntary case against Suntech. For that reason alone, Jiangsu and Longball cannot be parties to the petition against Suntech. *See In re Oberle,* No. 06-41515, 2006 WL 3949174, at *3-4 (Bankr. N.D. Cal. Dec. 21, 2006) (finding that petitioner who did not file a Bankruptcy Rule 1003(a) statement is not a qualified petitioner). And, since only Trondheim and Meixler are left as potential petitioners,[3] Petitioners fail to satisfy section 303(b)'s mandate that three creditors are required to commence an involuntary proceeding. Thus, the petition must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Bankruptcy Rule 1011(b), for failure to state a claim upon which relief can be granted. *See In re Iowa Coal Mining Co., Inc.*, 242 B.R. at 670 (dismissing involuntary chapter 7 petition where the petitioners did not meet the numerosity requirement of section 303(b)(1)); *In re Global Waste Co.,* 207 B.R. 542, 547 (Bankr. N.D. Ohio 1997) (same).

In addition to the procedural defects of the petition, an overwhelming inference can be drawn that Jiangsu and Longball's claims were acquired for the purpose of commencing an involuntary case against Suntech. This in turn would disqualify Jiangsu and Longball from ever being petitioners pursuant to Bankruptcy Rule 1003(a). Jiangsu acquired its $1 million claim—on the date the petition was filed—for $1.00 and Longball acquired its claim the day

---

[3] Neither of these entities have filed Bankruptcy Rule 1003 statements, nor did they indicate how they obtained their Notes, and they do not assert that they are original holders of the Notes. Accordingly, Suntech asserts that their failure to file a Bankruptcy Rule 1003 statement is similarly disqualifying and Suntech reserves all of its rights to challenge whether Trondheim and Meixler are eligible petitioners.

before the filing of the petition. The suspicious timing alone of the transfers of Jiangsu's and Longball's claims is cause for dismissal of the petition. *See In re Pacific Rollforming, LLC*, 415 B.R. 750, 753 (Bankr. N.D. Cal. 2009) (dismissing petition where "[n]o evidence suggested that the one-day difference between the date of [assignor's] assignment to [petitioner] and . . . the date of the voluntary petition, was mere coincidence."); *see also Johnston Hawks*, 49 B.R. at 832 (expressing skepticism that a party that acquired a claim within months of filing had not done so for the impermissible purpose of commencing a petition). These facts, which are evident from the attachments to the petition, establish that Jiangsu and Longball should be disqualified as petitioners pursuant to Bankruptcy Rule 1003(a). As such, the involuntary petition fails to meet the Bankruptcy Code's three petitioning creditor requirement and should be dismissed.[4] *See Aigner v. McMillan*, No. 11-47029-DML-7, 2013 WL 2445042, at *6 (Bankr. N.D. Tex. June 4, 2013) (dismissing involuntary petition where petitioners were disqualified from bringing petition under Bankruptcy Rule 1003 and no qualified petitioning creditors remained in the case); *In re Oberle*, 2006 WL 3949174, at *5-6 (same).

## POINT 2

### THE SOUTHERN DISTRICT OF NEW YORK IS AN IMPROPER VENUE FOR THIS PROCEEDING

In the event that the case is not dismissed for failure to meet the requirements of section 303(b) of the Bankruptcy Code, this case should be dismissed pursuant to Bankruptcy Rule 1014(a)(2) and Federal Rule of Civil Procedure 12(b)(3), made applicable to this

---

[4] On its face, the petition is infected with Petitioners' bad faith. In addition to the circumstances surrounding the transfer of Jiangsu's and Longball's claims, Jiangsu and Trondheim share a common address, and all four Petitioners share the same attorney. In the event that the Court does not grant this motion, Suntech reserves all rights to conduct discovery on the relationship between Petitioners and their claims. *See In re Miller,* 418 B.R. 912, 919 (Bankr. N.D. Tex. 2009) (finding that an alleged debtor has standing to challenge the separate identity of the petitioning creditors).

proceeding by Bankruptcy Rule 1011(b), because the Southern District of New York is an improper venue for the case. Venue for cases brought under the Bankruptcy Code is governed by section 1408 of title 28, which provides in relevant part that:

> [A] case under title 11 may be commenced in the district court for the district—(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

28 U.S.C. § 1408.

Section 1406(a) of title 28 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1406(a) is implemented through Bankruptcy Rule 1014(a)(2), which provides that "[i]f a petition is filed in an improper district, the court . . . may dismiss the case . . . ." Fed. R. Bankr. P. 1014(a)(2). *See Blagg v. Miller (In re Blagg)*, 223 B.R. 795, 808 (B.A.P. 10th Cir. 1998) (affirming bankruptcy court's dismissal of case for improper venue); *In re Scarfia*, No. 12-06346 (ESL), 2012 WL 6005719, at *7 (Bankr. D.P.R. Nov. 30, 2012) (dismissing petition pursuant to 28 U.S.C. § 1406(a) and Bankruptcy Rule 1014(a)(2) where petition was filed in an improper venue).

Suntech has never resided or been domiciled in New York nor are its principal assets located in New York. *See* Liou Declaration at ¶¶ 4-5. For this reason venue in the Southern District of New York is improper and this case should be dismissed.

**POINT 3**

**THE PETITION IS CONTRARY TO THE**
**INTERESTS OF SUNTECH AND ITS CREDITORS**

Petitioners have failed to comply (and cannot comply) with the procedural requirements for filing an involuntary case pursuant to Bankruptcy Rule 1003(a) and therefore this case must be dismissed. However, if the Court declines to dismiss this chapter 7 case at this time, Suntech will file an answer and then shortly thereafter file a motion seeking dismissal or suspension of this case pursuant to section 305(a)(1) of the Bankruptcy Code. Beyond the procedural defects of the involuntary petition, continuation of this chapter 7 case is wholly contrary to the interests of Suntech and the vast majority of its creditors.

Section 305(a)(1) of the Bankruptcy Code grants the Court discretion to dismiss or suspend any bankruptcy proceeding "where the interests of creditors and the debtor would be better served by such dismissal." 11 U.S.C. § 305(a)(1). Section 305(a)(1) "was designed to be utilized where, for example, a few recalcitrant creditors attempted to interfere with an out-of-court restructuring that had the support of a significant percentage of the debtor's creditors." *In re Bd. of Dirs. of Multicanal S.A.*, 314 B.R. 486, 522 (Bankr. S.D.N.Y. 2004) (*citing* H.R Rep. No. 95-595, 95th Cong., 1st Sess. 325 (1977); and S. Rep. No. 95-989, 95th Cong., 2d Sess. 35 (1979)). Suntech will, at an appropriate time, prove that it is entitled to relief under section 305(a)(1).

While two of the Petitioners purchased their claims just weeks ago and for the purpose of filing this case, the Noteholder Group has been constructively engaged with Suntech for nearly 12 months in an effort to reach a consensual restructuring deal. *See* Nacson Affidavit at ¶¶ 11-14. The negotiations have been difficult but fruitful, resulting in a number of forbearance agreements with the Noteholder Group. *Id.* at ¶ 14. On September 23, 2013,

10

Clearwater Capital LLC and Spinnaker Capital Limited (each acting for holders that hold in the aggregate more than 48% of the Notes) entered into the RFA, which includes key terms for a proposed restructuring and outlines a deal that includes a debt for equity swap for the Noteholders. *Id.* at ¶ 13. Other parties interested in helping finance the restructuring have stepped forward. On October 24, 2013, Suntech received a non-binding letter of intent from Guolian, whereby Guolian expressed its intention to make an equity investment into Suntech of not less than $150 million in cash, together with causing certain solar and other related businesses it owns to be transferred into Suntech for the purpose of achieving a restructuring. *Id.* at ¶ 16. If this chapter 7 case moves forward, the extraordinary efforts of all involved in the consensual restructuring negotiations will be thwarted.

In contrast, Petitioners will be unable to advance any good cause for allowing the chapter 7 case to move forward. Petitioners represent only a tiny fraction of Suntech's creditor body, at least some of them appear to have acquired their claims solely for the purpose of commencing this involuntary case, and they lack substantial support from other creditors. Suntech can only assume that Petitioners' effort to initiate this involuntary case was not provoked by a desire to seek to maximize value, but by opportunistic behavior to gain advantage while the out-of-court negotiations continue.

More importantly, granting an order for relief and continuing with this chapter 7 case will effectively eliminate all prospects Suntech has to reorganize and to improve recoveries for creditors. This Court is keenly aware that large companies almost never file for chapter 7 so that either a reorganization or a more orderly liquidation may proceed out of court or in a court-supervised process (such as a chapter 11 case or a foreign reorganization proceeding). An order for relief commencing this chapter 7 case would result in Suntech management losing all power

11

to continue consensual restructuring negotiations on behalf of the company. Nothing else is gained. Most pointedly, even an orderly liquidation of Suntech, given the structural priority of the substantial indebtedness of Suntech's subsidiaries, will produce little or no return for the Noteholders and IFC.

Of course, simply because of the involuntary filing the company must now deal with a needless distraction during its negotiations that serves no purpose in advancing the prospects of Suntech's global reorganization, but instead substantially increases costs and delays in implementing the restructuring. Dismissal of this case will allow Suntech to focus its energies on the restructuring process and will eliminate the wasteful use of this Court's own time and resources.

Suntech is a Cayman Islands company. *See* Nacson Affidavit at ¶ 19. Recently, a proceeding was initiated before The Honorable Justice Foster in the Grand Court of the Cayman Islands, Financial Services Division, for the purpose of overseeing the final negotiations on and the ultimate effectuation of the consensual restructuring. *See* Liou Declaration at ¶ 6. Justice Foster has been notified that Petitioners filed this involuntary case and that it is being contested on a variety of grounds. Petitioners will have every opportunity to be heard in the proceeding in the Cayman Islands and to vote on the restructuring proposal. In short, even if this case is dismissed, Petitioners' legitimate rights in this restructuring process are preserved, but their tactical maneuver to gain advantage at the expense of other creditors is thwarted.

## RESERVATION OF RIGHTS

Pursuant to section 303(i) of the Bankruptcy Code, upon the dismissal of a bankruptcy petition under section 303, the Court may grant judgment against the petitioners (or any individual petitioner) for reasonable attorney's fees and costs and, in certain circumstances, award damages and punitive damages. *See* 11 U.S.C. § 303(i); *In re Skyworks Ventures, Inc.*, 431

12

B.R. 573, 580 (Bankr. D.N.J. 2010) (awarding attorney fees, costs, compensatory, and punitive damages to alleged debtor after involuntary petition was dismissed). Suntech expressly reserves all rights to seek attorney's fees and costs from petitioners, and also, given the indicia of bad faith here, the right to seek punitive and compensatory damages.

*Remainder of Page Intentionally Left Blank*

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant this motion and dismiss the involuntary petition filed against Suntech with prejudice.

Dated:      November 6, 2013
            New York, New York

                                    O'MELVENY & MYERS LLP


                                    By: */s/ Diana Perez*
                                        Peter Friedman, Esq. (*pro hac vice* pending)
                                        Diana Perez, Esq.
                                        Times Square Tower
                                        7 Times Square
                                        New York, New York 10036
                                        Telephone: (212) 326-2000
                                        Facsimile: (212) 326-2061
                                        pfriedman@omm.com
                                        dperez@omm.com

                                        -and-

                                        Suzzanne Uhland, Esq. (*pro hac vice* pending)
                                        Two Embarcadero Center, 28th Floor
                                        San Francisco, California 94111
                                        Telephone: (415) 984-8700
                                        Facsimile: (415) 984-8701
                                        suhland@omm.com

                                        *Attorneys for Suntech Power Holdings Co., Ltd.*