**HEARING DATE AND TIME: To Be Determined**
**OBJECTION DEADLINE: To Be Determined**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

\------------------------------------------------------------------------ X
: Chapter 7
In re: :
: Case No. 13-13350 (SMB)
SUNTECH POWER HOLDINGS CO., LTD. :
:
Alleged Debtor. :
:
\------------------------------------------------------------------------ X

**SUNTECH POWER HOLDINGS CO., LTD.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED INVOLUNTARY CHAPTER 7 PETITION**

O'MELVENY & MYERS LLP
Peter Friedman, Esq. (*pro hac vice*)
Diana Perez, Esq.
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pfriedman@omm.com
dperez@omm.com

- and -

Suzzanne Uhland, Esq. (*pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
suhland@omm.com

*Attorneys for Suntech Power Holdings Co., Ltd.*

# Table of Contents

**Page(s)**

TABLE OF AUTHORITIES……………………………………………...………………..….i, ii
PRELIMINARY STATEMENT ....................................................................................................1
STATEMENT OF FACTS .............................................................................................................2
      A.      The Alleged Debtor.................................................................................................2
      B.      The Petitioners .......................................................................................................3
      C.      Commencement of the Case ..................................................................................4
      D.      Motion to Dismiss and the Filing of the Amended Petition ..................................5
ARGUMENT..................................................................................................................................6
RESERVATION OF RIGHTS .....................................................................................................12
CONCLUSION.............................................................................................................................13

# Table of Authorities

**Page(s)**

**CASES**

*Atlas Machine & Iron Works, Inc. v. Bethlehem Steel Corp.*,
   986 F.2d 709 (4th Cir. 1993) ....................................................................................12

*Dugaw v. Suntech Power Holdings Co., Ltd.*,
   Case No. 13-4139 (2d Cir. 2013) ................................................................................4

*In re Global Waste Co.*,
   207 B.R. 542 (Bankr. N.D. Ohio 1997) .......................................................................9

*In re Henry S. Miller Commer., LLC*,
   418 B.R. 912 (Bankr. N.D. Tex. 2009) ........................................................................8

*In re Iowa Coal Mining, Inc.*,
   242 B.R. 661 (Bankr. S.D. Iowa 1999) ....................................................................8, 9

*In re Johnston Hawks, Ltd.*,
   49 B.R. 823 (Bankr. D. Haw. 1985) ............................................................................7

*In re Oberle*,
   No. 06-41515, 2006 WL 3949174 (Bankr. N.D. Cal. Dec. 21, 2006) .....................7, 8

*In re Pacific Rollforming, LLC*,
   415 B.R. 750 (Bankr. N.D. Cal. 2009) .....................................................................8, 9

*In re Skyworks Ventures, Inc.*,
   431 B.R. 573 (Bankr. D.N.J. 2010) ............................................................................12

*Trondheim Capital Partners v. Suntech Power Holdings Co., Ltd.*,
   Case No. 13-3987 (2d Cir. 2013) ................................................................................4

**STATUTES**

11 U.S.C. § 303(i) ...............................................................................................................12

11 U.S.C. § 303(b) .................................................................................................1, 2, 6, 8

11 U.S.C. § 303(b)(1) ............................................................................................................6

11 U.S.C. § 305(a)(1) ..........................................................................................................12

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 1003 ................................................................................................ passim

Fed. R. Bankr. P. 1003(a) ............................................................................................ passim

# Table of Authorities
*(Continued)*

**Page(s)**

Fed. R. Bankr. P. 1011(b) ...................................................................................................................8

Fed. R. Bankr. P. 1018 .......................................................................................................................5

Fed. R. Bankr. P. 9006(a) ..................................................................................................................5

Fed. R. Bankr. P. 9006(f) ...................................................................................................................5

Fed. R. Civ. P. 12(b)(6).......................................................................................................................8

Fed. R. Civ. P. 15(a)(1)(B) .................................................................................................................5

Fed. R. Civ. P. 15(a)(3).......................................................................................................................5

Suntech Power Holdings Co., Ltd. ("***Suntech***"), the alleged debtor in the above-captioned involuntary proceeding respectfully submits this memorandum of law in support of its motion to dismiss with prejudice the amended involuntary chapter 7 petition (the "***Amended Petition***") filed by Trondheim Capital Partners, L.P. ("***Trondheim***"), Michael Meixler ("***Meixler***"), Longball Holdings, LLC ("***Longball***"), and Jiangsu Liquidators, LLC ("***Jiangsu***" and, together with Trondheim, Meixler, and Longball, the "***Petitioners***").

## PRELIMINARY STATEMENT

The Amended Petition is the Petitioners' latest self-serving attempt to frustrate Suntech's consensual restructuring to further their own agenda at the expense of Suntech and the majority of its stakeholders. However, like their original petition, the Amended Petition is deficient. Petitioners have again failed to satisfy their obligations under Bankruptcy Rule 1003(a) to attach to the Amended Petition a statement that each of their claims was not acquired for the purpose of commencing this case, which is inexcusable at this juncture. Despite acknowledging that Trondheim is not an original holder of Suntech's debt, neither Trondheim nor Meixler have filed a Bankruptcy Rule 1003 statement. This failure to comply with Bankruptcy Rule 1003(a) is not merely a "technical defect" as Petitioners assert but rather a direct attempt to subvert the safeguards enacted to prevent abuse of the involuntary process. This alone is enough to disqualify Trondheim and Meixler as petitioners, leaving only Jiangsu and Longball as potentially eligible petitioners—short of the three petitioning creditors needed to commence a case under section 303(b) of the Bankruptcy Code. And, as described below, substantial questions regarding those two creditors still exist.

Petitioners' continued failure to comply with Bankruptcy Rule 1003(a) alone is sufficient to dismiss this case. However, when combined with the circumstances surrounding the acquisition of Petitioners' claims and the commencement of this proceeding, as well as the

relationships between Petitioners, Petitioners' actions are permeated with bad faith and raise serious factual questions that require discovery. It cannot be mere coincidence that Jiangsu and Longball acquired their claims the day of and the day before the commencement of this proceeding and that Jiangsu and Trondheim are affiliated entities. Further questions are raised by the fact that Trondheim and Meixler jointly filed an action in the District Court against Suntech and have continued to jointly pursue their claims against Suntech. If the evidence reveals that certain of Petitioners are alter egos of each other, such Petitioners must be disqualified and this proceeding should be dismissed for failure to satisfy the numerosity requirement of section 303(b) of the Bankruptcy Code. Petitioners' actions, combined with the numerous inaccuracies in their pleadings, cast genuine doubt as to their motives for commencing this proceeding.

## STATEMENT OF FACTS

**A.     The Alleged Debtor**

Suntech is the ultimate parent of a group of companies that together constitute one of the world's largest solar manufacturing companies. Suntech is a holding company for various direct and indirect subsidiaries located around the world. *See* Declaration of Kim Liou in Support of Suntech Holdings Co., Ltd.'s Motion to Dismiss the Amended Involuntary Chapter 7 Petition, dated December 9, 2013 at ¶ 4 (the "***Liou Declaration***").

Suntech has outstanding $541 million of 3.00% convertible senior notes issued by Suntech pursuant to the terms of that certain indenture dated March 17, 2008 (the "***Notes***" and, the holders thereof, the "***Noteholders***"). *See* Second Affidavit of Christopher Michael Nacson at ¶ 7 (the "***Nacson Affidavit***")[1], attached as Exhibit B to the Liou Declaration. The Notes matured on March, 15, 2013. *Id.* Petitioners hold approximately one third of one percent of the Notes. *Id.*

---

[1] The Nacson Affidavit was filed in connection with the Winding Up Petition that was filed in the Grand Court of the Cayman Islands, Financial Services Division with respect to Suntech.

2

at ¶ 9. Suntech is also a borrower under a $50 million convertible loan pursuant to a loan agreement dated June 30, 2009, with International Finance Corporation as lender. *Id.* at ¶ 8. Interest is 5% per annum and the loan fully matures on or about July 10, 2016.

Over the past 12 months, Suntech has been in negotiations with other Noteholders that are now or have been part of an ad hoc group whose holdings have ranged from more than 50% to 63% of the face amount of the Notes (the "**AHG**"), which resulted in the entry of a number of forbearance agreements. *See* Nacson Affidavit at ¶¶ 11-14. On September 23, 2013, Clearwater Capital LLC and Spinnaker Capital Limited (each acting for Noteholders that hold in the aggregate more than 48% of the Notes) entered into a restructuring framework agreement with Suntech, which includes key terms for a proposed restructuring and outlines a deal that includes a debt for equity swap for the Noteholders. *Id.* at ¶ 13. On October 24, 2013, Suntech received a non-binding letter of intent from Wuxi Guolian Development (Group) Co., Ltd. ("**Guolian**"), an investment company affiliated with the municipality Wuxi, People's Republic of China, the city that is the home of substantial operations of one of Suntech's major Chinese subsidiaries. *Id.* at ¶ 16. Guolian has expressed its intention to make an equity investment into Suntech of not less than $150 million in cash, together with causing certain solar and other related businesses it owns to be transferred into Suntech for the purpose of achieving a restructuring. *Id.*

**B.    The Petitioners**

Petitioners Trondheim and Meixler's claims arise from Notes they allegedly acquired in the aggregate principal amount of $550,000. Together they jointly filed a lawsuit against Suntech on June 10, 2013, in the Supreme Court of New York, which was subsequently removed to the District Court for the Southern District of New York (the "***District Court***"), for

3

the recovery of amounts owed to them under the Notes. On September 19, 2013, the District Court entered an order awarding Trondheim and Meixler $550,000 plus interest. On October 21, 2013, Suntech appealed the District Court's judgment to the United States Court of Appeals for the Second Circuit. *See Trondheim Capital Partners v. Suntech Power Holdings Co., Ltd.*, Case No. 13-3987 (2d Cir. 2013).

Petitioner Longball acquired its claim the day before the commencement of this case via assignment of a September 19, 2013 judgment order against Suntech awarding Marcus and Jessica Dugaw $10,000 plus interest on account of amounts owed to them under the Notes (the "**Dugaw Claim**"). The Dugaw Claim was transferred to Longball, which was apparently formed for that purpose, on October 13, 2013, in exchange for $1,500. On October 21, 2013, Suntech appealed the Dugaw judgment to the United States Court of Appeals for the Second Circuit. *See Dugaw v. Suntech Power Holdings Co., Ltd.*, Case No. 13-4139 (2d Cir. 2013).

Petitioner Jiangsu acquired its claim the day of the commencement of this case via assignment of A&T SOV LLC's alleged right, title, and interest in and to its share of the Notes with a face value of $1,000,000 (the "***A&T Claim***"). The A&T Claim was transferred to Jiangsu, which was also apparently formed for the purpose of acquiring its claim, on October 14, 2013, in exchange for $1.00.

C.     **Commencement of the Case**

On October 14, 2013, Petitioners, through their shared counsel, commenced this involuntary proceeding against Suntech under chapter 7 of the Bankruptcy Code by filing with this Court Official Form 5 for an Involuntary Petition. *See* ECF No. 1. Each of the signature pages to the original petition acknowledged that there had been a transfer of claims against Suntech. *Id.* Petitioners attached the following documents to the petition: (1) an undated

4

summons; (2) the judgment order in favor of Trondheim and Meixler against Suntech; (3) the judgment order in favor of Marcus and Jessica Dugaw against Suntech; (4) an assignment of the Dugaw Claim to Longball dated October 13, 2013; (5) a letter from Cede & Co. to Suntech dated October 7, 2013, recognizing A&T SOV LLC as the beneficial owner of Notes in the principal aggregate amount of $1,000,000; and (6) an assignment of the A&T Claim to Jiangsu dated October 14, 2013. *Id.* In connection with the filing of the original petition, none of the Petitioners filed Bankruptcy Rule 1003 statements confirming that their claims were not transferred to them for the purpose of commencing this case.

### D.    Motion to Dismiss and the Filing of the Amended Petition

On November 6, 2013, Suntech filed a motion to dismiss with prejudice the original involuntary chapter 7 petition filed by Petitioners against Suntech. *See* ECF No. 11. On November 20, 2013, Petitioners filed the *Objection by Petitioning Creditors to Motion to Dismiss Involuntary Petition* (the "***Objection***"). *See* ECF No. 20. In addition to filing the Objection, on November 20, 2013, Petitioners, through their shared counsel, filed the Amended Petition pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), made applicable to this proceeding by Bankruptcy Rule 1018. *See* ECF No. 19.

As a result of the filing of the Amended Petition, Suntech's original motion to dismiss was rendered moot and on December 6, 2013, Suntech filed a notice of withdrawal of the original motion without prejudice to timely file a motion to dismiss the Amended Petition (the "***Notice of Withdrawal***"). *See* ECF No. 26.[2] Pursuant to Federal Rule of Civil Procedure 15(a)(3) (made applicable to this proceeding by Bankruptcy Rule 1018) and Bankruptcy Rules 9006(a) and (f), Suntech has until December 9, 2013 to file a response to the Amended Petition.

---

[2] Subsequent to the filing of the Notice of Withdrawal, Petitioners filed an unauthorized sur-reply to Suntech's original motion to dismiss (the "***Petitioners' Sur-Reply***"). *See* ECF No. 27.

5

The Amended Petition consists of the same Official Form 5 for an Involuntary Petition and signature pages that was filed by Petitioners on October 14, 2013. *See* ECF No. 19. Each of the signature pages to the Amended Petition acknowledge that there has been a transfer of claims against Suntech. *Id.* Petitioners attached the following documents to the Amended Petition: (1) Statement of Longball Holdings, LLC Pursuant to Bankruptcy Rule 1003 (the "***Longball Statement***"); (2) Statement of Jiangsu Liquidators, LLC Pursuant to Bankruptcy Rule 1003 (the "***Jiangsu Statement***"); (3) the judgment order in favor of Trondheim and Meixler against Suntech; (4) the judgment order in favor of Marcus and Jessica Dugaw against Suntech; (5) an assignment of the Dugaw Claim to Longball dated October 13, 2013; (6) a letter from Cede & Co. to Suntech dated October 7, 2013, recognizing A&T SOV LLC as the beneficial owner of Notes in the principal aggregate amount of $1,000,000; and (7) an assignment of the A&T Claim to Jiangsu dated October 14, 2013. *Id.* Neither Trondheim nor Meixler attached Bankruptcy Rule 1003 statements to the Amended Petition.

## ARGUMENT

### POINT 1

**PETITIONERS CONTINUE TO FAIL TO SATISFY THE REQUIREMENTS OF SECTION 303(b) OF THE BANKRUPTCY CODE**

Under section 303(b)(1) of the Bankruptcy Code three or more creditors are required to file an involuntary petition against an alleged debtor that, like Suntech, has at least twelve creditors. *See* 11 U.S.C. § 303(b)(1). A petitioner "that has transferred or acquired a claim for the purpose of commencing a case for liquidation under chapter 7 . . . shall not be a qualified petitioner." Fed. R. Bankr. P. 1003(a). Thus, the Bankruptcy Rules require that "[a] transferor or transferee of a claim annex to the original and each copy of the petition a copy of all documents evidencing the transfer . . . and a signed statement that the claim was not transferred for the

6

purpose of commencing the case and setting forth the consideration for and terms of the transfer." *Id.* These requirements exist because the "drafters of the Bankruptcy Code were aware of the possible abuses of transferred claims for the purpose of instituting involuntary petitions." *In re Johnston Hawks, Ltd.*, 49 B.R. 823, 831 (Bankr. D. Haw. 1985). Claims of transferees are "therefore subject to close scrutiny for potential abuse." *Id.*

Undeterred by the mandate of Bankruptcy Rule 1003(a), Petitioners continue to ignore the substantive requirement to file a statement under oath that they did not acquire their claims for the purpose of commencing this case. Despite Petitioners' assertions that their failure to comply with Bankruptcy Rule 1003(a) is a "technical defect", Bankruptcy Rule 1003(a)'s mandate lies at the heart of the requirements for filing an involuntary petition and is a requirement that safeguards this process. *See* Objection at ¶¶ 3, 67; Petitioners' Sur-Reply at ¶ 8.

Each Petitioner acknowledged in its signature page to the Amended Petition that there was a transfer of a claim against Suntech, yet only two Petitioners, Longball and Jiangsu, attached Bankruptcy Rule 1003 statements to the Amended Petition. Neither Trondheim nor Meixler have filed a Bankruptcy Rule 1003 statement that explains how they obtained their Notes. In the Jiangsu Statement, Colin Peterson, the managing member of Jiangsu and Trondheim Capital, LLC, which manages Trondheim, confirms that Trondheim is not an original holder of the Notes: "Trondheim acquired its interest in the Securities over time beginning October 2012 through January 2013." *See* Jiangsu Statement at ¶ 15. As a transferee of the Notes, Trondheim is required to file a Bankruptcy Rule 1003 statement. At this time, it is not clear how Meixler obtained its Notes and Meixler has not indicated in any pleadings that it is an original holder of the Notes. Trondheim and Meixler's continued failure to file Bankruptcy Rule 1003 statements mandates their disqualification as petitioners. *See In re Oberle,* No. 06-41515,

7

2006 WL 3949174, at *3-4 (Bankr. N.D. Cal. Dec. 21, 2006) (finding that petitioner who did not file a Bankruptcy Rule 1003(a) statement is not a qualified petitioner). With the disqualification of Trondheim and Meixler as petitioners, Petitioners cannot satisfy section 303(b)'s numerosity requirement and the Amended Petition should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Bankruptcy Rule 1011(b), for failure to state a claim upon which relief can be granted. *See In re Oberle*, 2006 WL 3949174, at *5-6 (dismissing involuntary petition where petitioners were disqualified from bringing petition under Bankruptcy Rule 1003(a) and no qualified petitioning creditors remained in the case).

## POINT 2

### PETITIONERS' ACTIONS RAISE FACTUAL QUESTIONS THAT ARE SUBJECT TO DISCOVERY AND TRIAL

Petitioners' actions in repeatedly failing to comply with Bankruptcy Rule 1003(a) as well as the circumstances behind the acquisition of Petitioners' claims and the filing of this case are infected with bad faith and raise numerous factual questions that require discovery. Where a motion to dismiss an involuntary petition raises disputed factual issues, an evidentiary hearing is appropriate. *See, e.g., In re Henry S. Miller Commer., LLC*, 418 B.R. 912, 919-20 (Bankr. N.D. Tex. 2009) (finding that an alleged debtor has standing to challenge the separate identity of the petitioning creditors and take discovery on such factual questions and present evidence at trial); *In re Pacific Rollforming, LLC*, 415 B.R. 750, 753-54 (Bankr. N.D. Cal. 2009) (holding evidentiary hearing to determine that assignee who acquired its claims the day before filing an involuntary petition was not a qualified petitioner under Bankruptcy Rule 1003(a)).

"The purpose of requiring at least three creditors to launch an involuntary case . . . is to necessitate some joint effort between creditors." *In re Iowa Coal Mining, Inc.*, 242 B.R. 661, 670 (Bankr. S.D. Iowa 1999). If Petitioners are found to be alter egos of each other, they

8

can be treated as a single creditor, thereby resulting in the dismissal of the involuntary petition. *See In re Global Waste Co.,* 207 B.R. 542, 547 (Bankr. N.D. Ohio 1997) (dismissing involuntary chapter 7 proceeding where two of the petitioning creditors were alter egos of their parent, which was not one of the petitioning creditors); *In re Iowa Coal Mining Co., Inc.*, 242 B.R. at 670 (dismissing involuntary chapter 7 proceeding where the petitioning creditors dealt with the debtors as one entity for an extended period of time and presented themselves jointly to the court as one creditor). Additionally, in the event that the evidence reveals that Petitioners have any agreements among themselves regarding the prosecution of the District Court action or the commencement of this proceeding, such an agreement could be the cause for disqualification of Petitioners under Bankruptcy Rule 1003(a).

As an initial matter, the Jiangsu Statement clearly demonstrates that Jiangsu and Trondheim are affiliated entities. *See* Jiangsu Statement at ¶¶ 1-2. Indeed, the Jiangsu Statement contains several declarations by Colin Peterson, the managing member of both Jiangsu and Trondheim Capital, LLC, which manages Trondheim, regarding Trondheim's actions. *Id.* at ¶¶ 1, 14-17. In the Jiangsu Statement, Mr. Peterson admits that he formed Jiangsu to acquire $1 million in Notes. *Id.* at ¶ 18. These Notes were acquired on the day of the commencement of this case via assignment of A&T SOV LLC's alleged right, title, and interest in and to its share of the Notes with a face value of $1,000,000 in exchange for $1.00. *See* Assignment of Claim of A&T SPV, LLC at 1, attached as Exhibit F to the Amended Petition. It cannot be mere coincidence that Jiangsu, an entity related to Trondheim, acquired its claim on the *day of* the commencement of this case. *See In re Pacific Rollforming, LLC*, 415 B.R. at 753 (dismissing petition where "[n]o evidence suggested that the one-day difference between the date of [assignor's] assignment to [petitioner] and . . . the date of the voluntary petition, was mere coincidence.").

9

Additionally, the circumstances surrounding the formation of Longball and the transfer of Marcus and Jessica Dugaw's claim to Longball raise factual questions behind the intent of these actions. The day before the commencement of this case, Marcus and Jessica Dugaw transferred their Notes to Longball, a limited liability company of which they are the majority owners. *See* Assignment of Claim of Marcus and Jessica Dugaw, attached as Exhibit D to the Amended Petition; Longball Statement at ¶¶ 16, 18. Per the Longball Statement, Longball is owned 2% by Paul J. Dugaw, 49% by his son, Marcus Dugaw, and 49% by his daughter-in-law, Jessica Dugaw. *See* Longball Statement at ¶ 2. These actions suggest that Longball was created for the purposes of, and acquired its claim for, commencing this proceeding against Suntech.

Since the inception of the District Court proceedings, Petitioners Trondheim and Meixler have acted jointly against Suntech, prosecuting the District Court action together through their shared counsel and commencing this proceeding together. *See* Jiangsu Statement at ¶ 6. Less than a week after Trondheim and Meixler filed their joint action against Suntech, Marcus and Jessica Dugaw, the majority owners of Longball, commenced an identical proceeding against Suntech. *See* Longball Statement at ¶ 8; Jiangsu Statement at ¶ 8. In prosecuting their claim against Suntech, the Dugaws admittedly used "the work of counsel for Trondheim and Meixler as a template." Longball Statement at ¶ 15. Now, sharing the same counsel, Petitioners jointly filed a single involuntary chapter 7 petition against Suntech. Petitioners' involuntary petition is not joined by any other Noteholder or creditor of Suntech. Petitioners do not explain in their objection why the commencement of the chapter 7 proceeding is in the interest of Suntech or its creditors. Indeed, Noteholders who hold not less than 75% of the principal of the Notes fully support Suntech's efforts to dismiss this chapter 7 proceeding and

10

support pursuing a restructuring through the proceeding in the Cayman Islands as it is likely to yield a greater return for creditors than a liquidation proceeding in the United States or elsewhere. *See* Declaration of F. Mark Fucci in Support of Suntech Holdings Co., Ltd.'s Motion to Dismiss the Amended Involuntary Chapter 7 Petition, dated December 9, 2013 at ¶¶ 19-20 (the "***Fucci Declaration***").

Moreover, Petitioners' pleadings contain numerous inaccuracies that are indicators of their improper motives behind filing this proceeding. Petitioners erroneously claim that they "have been excluded from negotiations" and were not even "given the opportunity to refuse to cooperate." Objection at ¶ 101. These statements are patently false. On or about July 11, 2013, counsel for the AHG and Spinnaker Capital Limited provided counsel to the Petitioners with extensive details of Suntech's ongoing restructuring efforts with the AHG and invited Petitioners to join or otherwise align with the AHG to pursue a consensual restructuring. *See* Fucci Declaration at ¶¶ 22-26. This discussion was followed by another conversation on September 27, 2013, where counsel for the Petitioners informed counsel for the AHG and Spinnaker Capital Limited that the Petitioners had chosen not to join or align with the AHG but rather would continue their litigation and move aggressively. *Id.* at ¶ 27.

Given the factual questions surrounding the separate identities of Petitioners and the acquisition of the claims used to commence this proceeding along with the blatant inaccuracies contained in Petitioners' papers, there is sufficient cause for discovery on these matters. The combined effect of Petitioners' actions can only lead to the conclusion that this proceeding was improperly commenced in bad faith to interfere with Suntech's efforts to effect a consensual restructuring of its debts. Indeed, Petitioners admit that they filed the involuntary petition to collect on their alleged claims against Suntech (*see* Longball Statement at ¶ 17),

11

which is an improper purpose for commencing an involuntary case. *See Atlas Machine & Iron Works, Inc. v. Bethlehem Steel Corp.*, 986 F.2d 709, 716 (4th Cir. 1993) (affirming bankruptcy court's finding that petitioner had commenced involuntary proceeding in bad faith where it had filed the petition for the improper purpose of trying to collect a debt).

### RESERVATION OF RIGHTS

Pursuant to section 303(i) of the Bankruptcy Code, upon the dismissal of a bankruptcy petition under section 303, the Court may grant judgment against the petitioners (or any individual petitioner) for reasonable attorney's fees and costs and, in certain circumstances, award damages and punitive damages. *See* 11 U.S.C. § 303(i); *In re Skyworks Ventures, Inc.*, 431 B.R. 573, 580 (Bankr. D.N.J. 2010) (awarding attorney fees, costs, compensatory, and punitive damages to alleged debtor after involuntary petition was dismissed). Suntech expressly reserves all rights to seek attorney's fees and costs from petitioners, and also, given the indicia of bad faith here, the right to seek punitive and compensatory damages.

Additionally, in the event that the Court declines to dismiss this chapter 7 case at this time, Suntech also reserves all rights to file a motion seeking dismissal or suspension of this case pursuant to section 305(a)(1) of the Bankruptcy Code.

## **CONCLUSION**

For the foregoing reasons, this Court should grant this motion and dismiss the involuntary chapter 7 case filed against Suntech with prejudice.

Dated:    December 9, 2013
          New York, New York

O'MELVENY & MYERS LLP

By: */s/ Peter Friedman*
    Peter Friedman, Esq. (*pro hac vice*)
    Diana Perez, Esq.
    Times Square Tower
    7 Times Square
    New York, New York 10036
    Telephone: (212) 326-2000
    Facsimile: (212) 326-2061
    pfriedman@omm.com
    dperez@omm.com

    -and-

    Suzzanne Uhland, Esq. (*pro hac vice*)
    Two Embarcadero Center, 28th Floor
    San Francisco, California 94111
    Telephone: (415) 984-8700
    Facsimile: (415) 984-8701
    suhland@omm.com

    *Attorneys for Suntech Power Holdings Co., Ltd.*